Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, Bar No. 258992
akh@paynefears.com
Leilani E. Jones, Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant GARFIELD
BEACH CVS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE VAZQUEZ, an individual,<br><br>             Plaintiff,<br><br>v.<br><br>GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No. 8:22-cv-2186<br><br>[Orange County Superior Court Case No. 30-2022-01289720-CU-WT-CJC]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Trial Date:      None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO JORGE VAZQUEZ AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Garfield Beach CVS, LLC ("Defendant" or "CVS") hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, on the following grounds:

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

## I.  INTRODUCTION

1.  This Court has jurisdiction over this action because complete diversity exists between Plaintiff Jorge Vazquez ("Plaintiff") and CVS.

2.  Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of his Complaint.

3.  Garfield Beach CVS, LLC ("Garfield Beach") is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, Garfield Beach was a limited liability company whose sole-member, CVS Pharmacy, Inc., has at all material times been a Rhode Island Corporation that has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

4.  Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5.  Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of CVS's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II.  THE STATE COURT ACTION

6.  On or about October 31, 2022, Plaintiff filed an action against CVS titled "Jorge Vazquez, an individual, Plaintiff, vs. Garfield Beach CVS, LLC, a California limited liability company; and Does 1 through 10, inclusive, Defendants" in the Superior Court of the State of California, County of Orange, Case No. 30-2022-01289720-CU-WT-CJC (the "State Court Action").

7.  True and correct copies of the Summons and Complaint served on CVS are attached hereto as **Exhibit A.**

8.  In his Complaint, Plaintiff alleges the following causes of action: (1) Disability Discrimination in Violation of Fair Employment and Housing Act; (2) Failure to Engage in the Interactive Process in Violation of FEHA; (3) Failure to Accommodate in Violation of FEHA; (4) Failure to Prevent Discrimination and/or

-2-

Retaliation in Violation of FEHA; (5) Retaliation for Request for Accommodation in Violation of FEHA; and (6) Wrongful Termination in Violation of Public Policy.

9. On December 5, 2022, CVS timely filed an Answer to the Complaint. A true and correct copy of CVS's Answer is attached hereto as **Exhibit B.**

10. The Summons, Complaint, and Answer constitute the pleadings, process, and orders served upon or by CVS in the State Court Action.

## III. <u>COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS</u>

11. The Complaint, and each cause of action alleged therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. <u>Plaintiff is a Citizen of the State of California</u>

12. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California, residing in Orange County, within the meaning of U.S.C. § 1332(a) – his place of residence and domicile are, and were, located within the State of California. ***See* Ex. A at ¶ 1**; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return"); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

### B. <u>Garfield Beach CVS, LLC is a Citizen of the State of Rhode Island</u>

13. If a party is a limited liability company, it is a citizen of every state of which its owners/members are citizens. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018); citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

14. Garfield Beach CVS, LLC is now, and was at all material times, a single-member limited liability company. The sole member of Garfield Beach CVS, LLC is CVS Pharmacy, Inc.

15. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 130 S. Ct. at 1192.

16. CVS Pharmacy, Inc. is now, and was at all material times, a corporation organized under the laws of the State of Rhode Island, which at all material times has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island. CVS Pharmacy, Inc.'s principal place of business is in Woonsocket, Rhode Island.

17. Therefore, for the purpose of determining jurisdiction, Garfield Beach CVS, LLC was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island based on the citizenship of its sole member, CVS Pharmacy, Inc.

18. "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F. 3d 686, 690-691 (9th Cir. 1998).

19. Accordingly, complete diversity exists between Plaintiff (California) and the CVS Defendant (Rhode Island).

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

20. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

21.   CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff is entitled to any damages, and denies that Plaintiff will be able to recover on any of his theories of recovery.

22.   In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**A.   The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if He Prevails**

23.   In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

24.     Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal - for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez, supra*, 888 F.3d at 414.

### B.     Economic Damages in the Form of Lost Wages

25.     Plaintiff seeks damages associated with alleged lost earnings. ***See* Ex. A at ¶¶ 29, 38, 46, 55, and 69**. At the time of his separation (February 2022), Plaintiff was employed as a Pharmacy Technician and his hourly rate was $21.60 (making, on average, approximately $1,728 bi-weekly, or $864/week.) ***See* Declaration of Tiffani Engstrom at ¶ 3, Ex. 1.**

26.     By the time this case is statistically likely to be resolved at trial (November 2024, or 23.5 months from the date of removal),[1] Plaintiff will have incurred significant damages (approximately $124,416)—all of which must count toward the jurisdictional threshold—in alleged lost wages alone.[2]

### C.     Attorneys' Fees

27.     Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff

---

[1] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 23.5 months. ***See* Declaration of Leilani E. Jones, Ex. 1.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[2] $864 per week multiplied by the 144 weeks between Plaintiff's separation of employment (February 10, 2022) and trial (November 2024).

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

seeks such fees. *See* **Ex. A, ¶¶ 39, 56, 62, and Prayer for Relief ¶ 6**.

28.    As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavez*, *supra*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

29.    Assuming that a conservative amount of pre-trial fact discovery (50 hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial attendance (45 hours) occurs in this case, it is very well likely that an attorneys' fees award—alone—would exceed $75,000. It is, at the very least, *plausible* that an attorneys' fees award in this matter will exceed $75,000. Multiple courts have recognized that single-plaintiff suits such as this one easily generate over $100,000 in attorneys' fees. *See, e.g.*, *Ponce v. Med. Eyeglass Ctr., Inc.,* No. 2:15-cv-04035-CAS (JEMx), 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015) (collecting cases); *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (same).

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

### D.   Emotional Distress Damages

30.   Plaintiff also claims damages for emotional distress. *See* **Ex. A at ¶¶ 27, 37, 46, 54, 61, 70** ("pain and suffering, mental anguish, emotional distress, and personal injuries").

31.   Indeed, courts have readily found that emotional distress damages in a single plaintiff employment case, alone, routinely exceed $75,000. *Stainbrook v. Target Corp.*, No. 2:16-CV-00090-ODW, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (citing cases therein). Specific jury verdicts in employment cases in California indicate that awards well in excess of the jurisdictional requisite have been awarded to plaintiffs in cases with allegations (which Defendant denies) similar to *this* case. *See, e.g.*:

- *Snead v. Chino Valley Unified School District.*, 2015 WL 6776524 (Cal. Super. Ct.) (San Bernardino County Sup. Ct.): award of **$330,000** in non-economic damages to employee alleging failure to accommodate;

- *Estelle v. Los Angeles County Metropolitan Transp. Authority*, 2015 WL 5923355 (L.A. County Sup. Ct.): award of **$625,000** to employee alleging wrongful termination and failure to accommodate;

- *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal.): pain and suffering award of **$250,000** in discrimination case.

- *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.): award of **$3,000,000** in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case;

- *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.): pain and suffering award of **$500,000** to employee in disability harassment action;

32.   Plaintiff's allegations that he was discriminated against and wrongfully terminated because of his disability are similar to the issues in these cases. It's entirely conceivable that his emotional distress damages will far exceed the requisite $75,000 amount in controversy.

-8-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

### E.   Punitive Damages

33.   Plaintiff further seeks punitive damages against CVS, a company of considerable size and resources. *See* **Ex. A, Prayer for Relief at ¶ 3.** Although CVS denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011).

34.   Here, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that he will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See, e.g.*:

- ***Hill v. Asian American Drug Abuse Program, Inc.*** (Los Angeles County Superior Court Case No. BC582516; judgment date of January 16, 2018): awarding **$2,668,700** in punitive damages in disability discrimination lawsuit;

- ***Navarro v. 4Earth Farms, Inc. et al*** (Los Angeles County Superior Court Case No. BC606666; judgment date of June 19, 2017): awarding **$100,000** in punitive damages in disability discrimination lawsuit; and

- ***Tapia v. San Gabriel Transit Inc.*** (Los Angeles County Superior Court Case No. BC482433; judgment date of December 18, 2015): awarding **$400,000** in punitive damages in disability discrimination lawsuit.

35.   Indeed, other cases in this district have noted that punitive damages awards in Southern California often exceed the jurisdictional amount. *See Sawyer v. Retail Data, LLC*, No. CV 15-184-JVS (RNBx), 2015 WL 3929695, at *2 (C.D. Cal. Apr. 29, 2015) (holding amount in controversy requirement met partly because defendant "cite[d] to similar recent Orange County and Los Angeles County employment discrimination cases where plaintiffs were awarded from $50,000 to $7.5 million in punitive damages"); *Stainbrook v. Target Corp.*, 2016 WL 3248665, at *4 (accepting defendant's argument that punitive and emotional distress damages alone could exceed $75,000 because punitive damages are often calculated as a

multiplier of compensatory damages); *Mitri v. Walgreen Co., Inc.*, No. 10CV00538(AMI), 2011 WL 7447636 (E.D. Cal. Nov. 15, 2011) (jury awarding $1.15 million in punitive damages in whistleblower suit similar to this one; see also *Ko v. The Square Grp.*, 2014 WL 8108413 (Los Angeles Superior Ct., June 16, 2014) (a Los Angeles jury awarded the plaintiff $500,000 in punitive damages based on a wrongful termination claim); *Daoud v. Smith's Food & Drug Ctrs., Inc.*, No. BC124485, 1996 WL 526059 (Los Angeles Superior Ct., June 18, 1996) (awarding $75,000 for punitive damages in wrongful termination suit).

36.   Thus, here, if Plaintiff is able to prove her claims at trial, it is a near certainty to conclude that they will seek, and a jury would award, a verdict in excess of $75,000 solely in punitive damages.

**V.   REMOVAL IS TIMELY**

37.   This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when CVS received the Summons and Complaint. 28 U.S.C. § 1446(b)(1); ***see*** **Ex. A**.

**VI.   CONCLUSION**

38.   For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

39.   Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

DATED: December 5, 2022          PAYNE & FEARS LLP


                                 By:  _____
                                           */s/ Leilani E. Jones*
                                         LEILANI E. JONES

                                 Attorneys for Defendant GARFIELD
                                 BEACH CVS, LLC

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441